# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MATTHEW MIRROTTO** : | |
| 7732 Lucerne Dr. Apt. Q-14 : | |
| Middleburg Heights, OH 44130 : | |
| : | |
| Plaintiff, : | CASE NO.  1:21-cv-2071 |
| : | |
| v. : | JUDGE |
| : | |
| : | MAGISTRATE JUDGE |
| : | |
| **TJB INC.** : | |
| 33600 Liberty Pkwy. : | **Jury Demand** |
| North Ridgeville, OH 44039 : | **Endorsed Herein** |
| : | |
| Defendant. : | |
| : | |
| : | |

## COMPLAINT

NOW COMES Plaintiff Matthew Mirrotto ("Plaintiff") and proffers this Complaint for damages against Defendant TJB Inc. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Cuyahoga County, Ohio.

2. Defendant TJB Inc. is a domestic corporation doing business in the Northern District of Ohio.

3. At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

1

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA") and by O.R.C. Chapter 4112.

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in North Ridgeville, Ohio, at which the events in question took place.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendant in or around March of 2019 as a Machine Operator.

10. Within seven months of being hired, Plaintiff was awarded an increase in pay, despite some absences and a hospitalization related to his disability occurring in August of 2019.

11. Plaintiff has ulcerative colitis, a disability pursuant to the Americans with Disabilities Act (ADA) and R.C. 4112.

12. Ulcerative colitis is an inflammatory bowel disease that causes inflammation and ulcers in the digestive tract. Plaintiff manages his disability with prescription medications, including injections to treat inflammation.

13. Plaintiff was on track to treat his disability into remission with a five-year treatment plan, including consistent injections, but his abrupt and unlawful termination by Defendant directly interfered with Plaintiff's ability to access this treatment from July 2020 forward.

14. Plaintiff's disability requires frequent bathroom breaks.

15. Plaintiff verbally informed his manager, Daniel Fisk, of his need for frequent bathroom breaks on or about April 27, 2020, when Fisk accused him of having low production numbers.

16. Plaintiff explained that his production levels were impacted by his bathroom breaks, as he could obviously not be in the bathroom and at his work station at the same time. As such, Plaintiff's request for bathroom breaks constitutes a request for a reasonable accommodation.

17. Plaintiff was abruptly terminated on July 15, 2020, by Mr. Fisk, who alleged that Plaintiff's frequent bathroom breaks inhibited his production levels.

18. Mr. Fisk did not point to any numbers, quotas, or any other tangible data or methods of monitoring Plaintiff's productivity when citing this reason for termination.

19. Defendant terminated Plaintiff because of his disability and his requests for a reasonable accommodation.

20. The proffered reasons for Plaintiff's termination are untrue and pretextual.

### COUNT I
### Disability Discrimination – R.C. §4112.02

21. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

22. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

23. Defendant knew Plaintiff was disabled and/or regarded him as disabled.

24. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

25. Defendant denied Plaintiff's request for accommodation and terminated him rather than engaging in the interactive process to determine whether it could accommodate him.

26. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, denying his requests for reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but

not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

28. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
### Disability Discrimination - Americans with Disabilities Act

29. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

30. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

31. Plaintiff is an otherwise qualified individual.

32. Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

33. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

34. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, denying his requests for reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

36. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Failure to Accommodate- Americans with Disabilities Act

37. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

38. At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

39. Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded him as disabled.

40. Plaintiff was an otherwise qualified individual with a disability.

41. Plaintiff requested a reasonable accommodation for his disability when he asked Defendant to account for his frequent bathroom breaks when it assessed Plaintiff's productivity levels.

42. Such reasonable accommodations were possible for Defendant to provide.

43. Defendant violated the ADA by failing to accommodate Plaintiff's disability by terminating Plaintiff for issues related to his disability.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to

pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

45. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Failure to Accommodate- R.C. §4112.02

46. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

47. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

48. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

49. Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled.

50. Plaintiff requested a reasonable accommodation for his disability when he asked Defendant to account for his frequent bathroom breaks when it assessed Plaintiff's productivity levels.

51. Such reasonable accommodations were possible for Defendant to provide.

52. Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay,

compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(*Rachel@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
Jamie R. Bailey (0099789)
(*Jamie@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
3740 Ridge Mill Dr.
Hilliard, OH 43026
614-610-9757 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)